# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:19-cv-00303-FDW

| | |
|---|---|
| BRYAN K. ROBINSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| STATE OF NORTH CAROLINA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court upon initial review of Petitioner Bryan K. Robinson's pro se Petition for Writ of Habeas Corpus, 28 U.S.C. § 2254. (Doc. No. 1.)

## I. BACKGROUND

Petitioner is a prisoner of the State of North Carolina who, on January 11, 2018, was convicted by a Mecklenburg County jury of one count of possession of a firearm by a felon. Petitioner pleaded guilty to attaining habitual felon status. The court sentenced him to an active sentence of 90 to 120 months.

Petitioner filed a direct appeal raising two claims: 1) the trial court erred in denying his motion to dismiss the firearm charge based on insufficiency of the evidence; and 2) the trial court erred in admitting evidence, over his objection, that he was subject to a Domestic Violence Protective Order at the time of his arrest. State v. Robinson, 823 S.E.2d 167 (N.C. Ct. App. 2019), appeal dismissed, review denied, 826 S.E.2d 717 (N.C. 2019).[1] The North Carolina Court of Appeals affirmed the judgment. The North Carolina Supreme Court dismissed Petitioner's appeal and denied his petition for discretionary review on May 9, 2019. State v. Robinson, 826

---

[1] Petitioner's first name is spelled "Brian" in state appellate court filings.

S.E.2d 717 (N.C. 2019).

Petitioner filed the instant § 2254 Petition on June 24, 2019, when he placed it in the prison mail system. See Houston v. Lack, 487 U.S. 266, 267 (1988). In it, he raises Fourth Amendment challenges to the legality of the search that discovered the firearm (Grounds One, Three, Four). He also claims the prior convictions used to prove his habitual felon status were used again to calculate his criminal record level at sentencing, resulting in an unconstitutionally enhanced sentence (Ground Two).

## II.     STANDARD OF REVIEW

In reviewing the Petition, the Court is guided by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which directs the district court to dismiss a habeas petition when it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. Rule 4, 28 U.S.C.A. foll. § 2254. The Court concludes the Petition must be dismissed as unexhausted.

## III.    DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner must exhaust his available state remedies before he may pursue habeas relief in federal district court. 28 U.S.C. § 2254(b)(1)(A). That is, he must provide the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented through a habeas petition in federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). "A habeas petitioner satisfies the exhaustion requirement by 'fairly present[ing] his claim in each appropriate state court . . . thereby alerting that court to the federal nature of the claim.'" Robinson v. Thomas, 855 F.3d 278, 283 (4th Cir. 2017) (quoting Baldwin v. Reese, 541 U.S. 27, 29 (2004)). "Fair presentation" requires a petitioner to show "that 'both the operative facts and

the controlling legal principles [were] presented to the state court.'" Jones v. Sussex I State Prison, 591 F.3d 707, 713 (4th Cir. 2010) (quoting Baker v. Corcoran, 220 F.3d 276, 289 (4th Cir. 2000)). Furthermore, the prisoner must present the federal claim to *all* appropriate state courts, including the highest appellate court established to review such a claim. See O'Sullivan, 526 U.S. at 845 (emphasis added).

In North Carolina, a petitioner may satisfy § 2254's exhaustion requirement by directly appealing his conviction and/or sentence to the North Carolina Court of Appeals and then petitioning the North Carolina Supreme Court for discretionary review, or by filing a post-conviction motion for appropriate review ("MAR") in the trial court and then petitioning the North Carolina Court of Appeals for a writ of certiorari. See N.C. Gen. Stat. § 7A–31; N.C. Gen. Stat. § 15A–1422. The Court has reviewed Petitioner's brief on direct appeal, see Def.-Appellant's Br., State v. Robinson, No. COA18-661 (N.C. Ct. App.), at Pet'r's Ex. 1 (Doc. No. 1-1 at 1-24), and finds that none of the constitutional claims raised in the § 2254 Petition were raised in Petitioner's direct appeal in the North Carolina Court of Appeals. Moreover, by his own admission, Petitioner has not sought collateral review of his constitutional claims by way of an MAR in the trial court.

Consequently, the claims raised in the instant Petition are unexhausted. The Court shall dismiss the Petition without prejudice to Petitioner's ability to file a § 2254 petition after he has fully exhausted his state remedies.

Petitioner is forewarned, however, that the AEDPA also imposes a statute of limitations for § 2254 petitions by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The § 2254 petition must be filed within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. The limitations period is tolled during the pendency of a properly filed state post-conviction action. 28 U.S.C. § 2244(d)(2).

It appears from the record that the one-year statute of limitations began to run in Petitioner's case on or about August 7, 2019, 90 days after the North Carolina Supreme Court denied his petition for discretionary review. See Clay v. United States, 537 U.S. 522, 527 (2003) ("[F]or federal criminal defendants who do not file a petition for certiorari with [the U.S. Supreme] Court on direct review, [the] one-year limitation period starts to run when the time for seeking such review expires."); Sup. Ct. R. 13.1 (setting 90-day time limit for filing a petition for writ of certiorari). It has continued to run ever since. Thus, while Petitioner has ample time to pursue post-conviction relief in the state courts, see § 2244(d)(2), that time is not unlimited.

**IT IS, THEREFORE, ORDERED** that:

1. The Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) is **DISMISSED** without prejudice for failure to exhaust the claims raised therein, see 28 U.S.C. § 2254(b)(1)(A); and

2. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537

U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: November 14, 2019

Frank D. Whitney
Chief United States District Judge